NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILL BARRIER, | No. 21-35305 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01084-AC |
| v. | |
| CITY OF THE DALLES, a municipality, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 11, 2022**
Portland, Oregon

Before: GRABER, BEA, and M. SMITH, Circuit Judges.

Appellant Bill Barrier appeals the district court's grant of summary judgment

in favor of the City of The Dalles on Barrier's claim of workers' compensation-

related employment discrimination pursuant to Oregon Revised Statutes ("O.R.S.")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

section 659A.040.[1]  Barrier also challenges the exclusion, as inadmissible hearsay, of interrogatory responses of nonparty Joseph Greiman, responses that were made in a previous workers' compensation-related employment discrimination lawsuit against the City.  For the following reasons, we affirm.

The parties are familiar with the facts of the case, so we do not recite them here, save when necessary.  In federal court, claims of employment discrimination pursuant to O.R.S. section 659A are analyzed under the three-part burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Dawson v. Entek Int'l*, 630 F.3d 928, 934–35 (9th Cir. 2011).

Barrier argues that the district court erred in ruling that Barrier failed to raise a genuine dispute as to whether the City's legitimate reason for terminating him was pretextual.  Barrier points to two pieces of evidence as creating a material dispute of fact: (1) the proximity of timing between his fourth workers' compensation claim (February 13, 2017) and his termination (May 22, 2017), and (2) the excluded interrogatory responses of Greiman submitted in an earlier workers' compensation-related employment discrimination lawsuit against the City.

To the extent the district court excluded Greiman's interrogatory responses

---

[1] Jurisdiction over this claim was supplemental—federal question jurisdiction in the district court was satisfied by the fact that Barrier also asserted a claim of discrimination arising under the Americans with Disabilities Act ("ADA").  Barrier does not appeal the district court's grant of summary judgment in favor of the City on the ADA claim.

because they are hearsay, it erred. *See Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021). Any error was harmless, however, because we affirm the district court's alternative ruling that the interrogatory responses do not raise a genuine dispute regarding whether the City's proffered reason for terminating Barrier was pretextual, as the interrogatory responses concerned a materially different lawsuit that was filed seven years prior to the filing of the instant case. The temporal proximity between when Barrier filed his fourth workers' compensation claim and when he was fired, without more, is insufficient to show pretext. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). Moreover, the persuasive value of the temporal proximity evidence is undercut by the fact that Barrier's supervisor began preparing a disciplinary memo concerning Barrier weeks <u>before</u> Barrier filed his fourth workers' compensation claim. This disciplinary memo was prepared in response to complaints received in December 2016 and January 2017 that Barrier had been "rude and unprofessional" to City residents in responding to a snowstorm. This memo summarized Barrier's many disciplinary infractions while working for the City, including a November 2013 incident in which Barrier threatened a City financial advisor that if Barrier's retirement portfolio did not perform better, Barrier would bring a gun to their next meeting. In response to this incident, Barrier was put on notice that any future violation of "any City policy, including the Appropriate Conduct policy, will be grounds for termination of your

3

employment with the City."

**AFFIRMED.**